UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br><br>James and Renee Delisi<br><br>DEBTORS | Docket No.  05-17732-JNF<br><br>Chapter 7 |
| Renee Delisi<br>Plaintiff<br>v.<br>St. Jean's Credit Union,<br>Defendant | ADVERSARY PROCEEDING<br><br>Docket Number _____ 05-01557-JNF |

MOTION FOR APPROVAL OF SETTLEMENT

     NOW COMES Renee Delisi, plaintiff (hereinafter "Renee"), and respectfully moves the court for approval of a settlement of the above captioned adversary proceeding, and in support of this motion states as follows:

1. Renee filed a petition under Chapter 7 on August 26, 2005, jointly with her husband.
2. The complaint herein alleges that prior to filing the petition, Renee had been employed by the defendant, St. Jean's Credit Union, for a number of years, and that Renee also owed the Credit Union a debt and therefore was listed in the schedules filed in the bankruptcy case. Accordingly, the Credit Union received notice of the bankruptcy case.  Upon receiving notice of the case, the Credit Union terminated Renee's employment, causing her monetary and emotional distress damages.  In response, Renee filed a complaint with this court with six counts, alleging unlawful discrimination, violation of the automatic stay, negligent or intentional infliction of emotional distress, and wrongful termination.
3. The jurisdiction of the court to entertain the complaint is not disputed.
4. The Credit Union filed an Answer in which it denied any liability to Renee and, in essence, disputed some of her factual allegations and her legal conclusions.  In particular, the credit union disputed the factual question of whether her termination was solely because of the bankruptcy case within the meaning of 11 USC §525(b).
5. The parties engaged in some discovery.  A deposition of Renee was scheduled, but prior to the deposition, a settlement in principle was reached and the deposition was cancelled. Since reaching the settlement in principle, the parties have negotiated in good faith concerning the terms of a written agreement.  The negotiations required extensions of the deadlines set by the court in its Pre-Trial Order, however the result of the extensions is that the parties have reached an agreement and signed it.  This motion seeks the court's approval of the signed agreement, attached.

6. Pursuant to the agreement, both parties essentially agree that the purpose of the settlement is to reduce or eliminate the cost and delay that would be involved in proceeding to trial of this matter, and to go their separate ways. Neither party is admitting any wrongdoing.

7. In consideration of the terms and conditions of the agreement, the Credit Union will pay Delisi the sum of $10,000 and Delisi will release any and all claims she has against the Credit Union.

8. From the settlement, Delisi will pay her counsel the sum of $2,500 as their fee in this matter.

9. Although most of the counts of the complaint assert causes of action under the bankruptcy code, Delisi avers that the proceeds of this settlement are not property of the bankruptcy estate as the acts complained of arose after the petition was filed. *Cf.* In re Riccitelli 320 BR 483 (Bkrtcy.D.Mass. 2005) (dismissing chapter 7 trustee's malpractice complaint against debtor's attorney because the claim accrued post-petition notwithstanding some relation to pre-petition events).

10. The parties believe that the settlement is fair and reasonable in the circumstances and should be approved. *See* Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)

WHEREFORE Delisi requests that the settlement be approved and entered as a judgment of the court.

May 2, 2006

    Respectfully submitted,
    RENEE DELISI, plaintiff
    By her attorney,

    /s/ *David G. Baker*
    David G. Baker, Of counsel
    Law Office of Michael Eramo
    105 Union Wharf
    Boston, MA  02109
    Telephone: (617) 367-4260
    BBO# 634889

## Certificate of Service

The undersigned hereby certifies that the within motion was served on the defendant's counsel by email to hweiner@peabodyarnold.com and on the chapter 7 trustee at Lynne F. Riley at lrileytrustee.ecf@rileyesher.com.

    /s/ *David G. Baker*
    David G. Baker