UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| IN RE | Docket No. 05-17732-JNF |
| James and Renee Delisi | Chapter 7 |
| DEBTORS | |
| Renee Delisi | |
| Plaintiff | ADVERSARY PROCEEDING |
| v. | Docket Number    05-01557-JNF |
| St. Jean's Credit Union, | |
| Defendant | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

St. Jean's Credit Union, its parent corporations, affiliates, subsidiaries, divisions, successors, assigns, insurers, and current and former employees, attorneys, officers, directors, insurers, and agents thereof ("Defendant"), and Rene Delisi, her heirs, executors, administrators, successors, attorneys, and assigns ("Plaintiff"), agree that:

1. **Consideration**. In consideration of Plaintiff's acceptance of all the terms and conditions of this Agreement, Defendant shall cause to be paid to Plaintiff the amount of Ten Thousand ($10,000.00) Dollars as final settlement of Plaintiff's disputed claims against Defendant. The payment to Plaintiff shall be made within thirty days of approval of this settlement by the bankruptcy court.

No taxes or any other withholding shall be made from these payments. Defendant makes no representations concerning the taxability of the payments. Plaintiff agrees that she shall be solely responsible for any and all tax liability as to the respective payments made pursuant to this paragraph, and Plaintiff agrees to indemnify and hold harmless Defendant from any taxes, assessments, interest, penalties, or expenses (including reasonable attorneys' fees) that Defendant may at any time incur by reason of demand, suit, or proceeding brought against Defendant for Plaintiff's share of any taxes, interest, penalties, or assessments arising out of the settlement of this action.

2. **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that she would not receive the monies specified in paragraph one (1) above except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of Claims**. Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims, known and unknown, Plaintiff has or may have against Defendant from the beginning of time to the date of execution of this



Agreement, including all claims that were or could have been asserted in an Adversary Proceeding styled <u>Rene Delisi v. St. Jean's Credit Union</u>, United States Bankruptcy Court, No. 05-17732-JNF, and including but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;

- The Civil Rights Act of 1991;

- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

- The Employee Retirement Income Security Act of 1974, as amended;

- The Immigration Reform and Control Act, as amended;

- The Americans with Disabilities Act of 1990, as amended;

- The Workers Adjustment and Retraining Notification Act, as amended;

- The Age Discrimination in Employment Act of 1967, as amended;

- The Occupational Safety and Health Act, as amended;

- The Family and Medical Leave Act, as amended;

- Massachusetts Fair Employment Practices Act, as amended;

- Massachusetts Small Necessities Act, as amended;

- Massachusetts Equal Pay Act, as amended;

- Massachusetts Maternity Leave Act, as amended;

- Massachusetts Age Discrimination Law, as amended;

- Massachusetts Payment of Wages Law, as amended;

- Massachusetts Civil Rights Act, as amended;

- Massachusetts Equal Rights for the Elderly and Disabled Law, as amended;

- Massachusetts Equal Rights Act, as amended;

- Massachusetts AIDS Testing Law, as amended;



- Massachusetts Privacy Statute, as amended;

- Massachusetts Sexual Harassment Statute, as amended;

- Massachusetts Consumer Protection Act, as amended;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; or

- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

4. **Affirmations**. Plaintiff affirms that she has not filed, caused to be filed, nor presently is a party to any claim, complaint, or action against Defendant in any forum or form, other than Rene Delisi v. St. Jean's Credit Union, No. 05-17732-JNF, pending in the United States Bankruptcy Court for the District of Massachusetts. Plaintiff affirms that she has reported all hours worked as of the date of this release and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement. Plaintiff affirms that she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act. Plaintiff affirms that neither she nor her immediate family shall in the future visit, do business with, or apply for employment with St. Jean's Credit Union. Plaintiff affirms that she and her immediate family shall forthwith close any and all accounts (whether deposit, revolving credit, or otherwise) held by St. Jean's Credit Union, except that a certain secured automobile loan, as to which the plaintiff is not an obligor but on which members of her immediate family are obligors or co-obligors, shall continue under the existing contractual terms and conditions, without abatement. Defendant affirms that it shall not report the plaintiff or her immediate family to any central registry or agency which would inhibit the plaintiff or her immediate family in opening any bank or financial account at another bank or financial institution, and will withdraw or reverse any such report previously made.

5. **Confidentiality**. Plaintiff and Defendant and their attorneys agree not to disclose any information regarding the existence or substance of this Agreement, except to immediate family members, psychotherapists, tax advisors, insurers, and attorneys or other professional persons, and then only on the condition that they be advised that they cannot further disclose such information to others, or as otherwise required by law. Except as otherwise set forth herein,

-3-



this Agreement shall not be filed with any court or administrative agency other than the bankruptcy court, and shall remain forever confidential as described herein, except as otherwise required by law. The Parties agree that this Agreement may only be used as evidence in a subsequent proceeding in which one of the Parties alleges a breach of this Agreement or otherwise as required by law. This Agreement shall be construed as a contract under Massachusetts law and shall be enforceable in any court of competent jurisdiction.

6. **Non-Disparagement**. Plaintiff and Defendant covenant and agree to endeavor in good faith to avoid making any written or oral statements or remarks that are disparaging, deleterious or damaging to the integrity, reputation, or good will of the other.

7. **Reference.** Defendant agrees that, if a reference for the Plaintiff is requested, they will provide a neutral reference stating only dates of employment, position, and (if Plaintiff authorizes) compensation.

8. **Governing Law and Interpretations**. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. However, if the General Release is found to be invalid, Plaintiff agrees to execute a valid release of the claims which are the subject of this Agreement and/or are referred to in the General Release paragraph herein.

9. **Non-Admission of Wrongdoing**. The Parties acknowledge and agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed or described at any time or for any purpose as an admission by any party of any liability or unlawful conduct of any kind, and that the Defendant denies all liability and wrongdoing.

10. **Amendment**. This Agreement may not be modified, altered, or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understanding between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

PLAINTIFF ACKNOWLEDGES THAT SHE HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW THIS AGREEMENT AND GENERAL RELEASE AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.



HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE PAYMENT IN PARAGRAPH ONE (1) ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANT.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below.

ST. JEAN'S CREDIT UNION

By: _____        _____
                                  RENE DELISI

Dated: _____        Dated: 5/2/6

Witness: _____        Witness: _____


                                  _____
                                  David Baker, Esquire

                                  Dated: _____

                                  Witness: _____

PABOS2:HWEINER:635630_1
193-91476



      HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE PAYMENT IN PARAGRAPH ONE (1) ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANT.

      IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below.

ST. JEAN'S CREDIT UNION

By: *Kathleen Donahue*                    _____
                                           RENE DELISI

Dated: 5/3/06                         Dated: _____

Witness: *[signature]*               Witness: _____


                                           _____
                                           David Baker, Esquire

                                           Dated: _____

                                           Witness: _____

PABOS2:HWEINER:635630_1
193-91476